1
2
3
4
5
6
7        IN THE UNITED STATES DISTRICT COURT FOR THE
8              EASTERN DISTRICT OF CALIFORNIA
9

10  MICHELE PETERSEN,                       1:12-cv-00933-AWI-BAM

11                      Plaintiff,

12        v.                                ORDER GRANTING
                                            DEFENDANTS' MOTION TO
13  COUNTY OF STANISLAUS, CHRISTINE         DISMISS PURSUANT TO FED.
    APPLEGATE, KIM VIEIRA, BERGEN           R. CIV. P. 12(b)(6)
14  FILGAS, GEORGE MEDINE, DOE 1, DOE
    2, DOE 3, DOE 4, and DOES 5 through 25,
15  inclusive,                              (Doc. 7)

16                      Defendants.

17  _____/

18

19                        INTRODUCTION

20        The instant motion to dismiss was filed on behalf of defendants Stanislaus County

21  ("County"), Christine Applegate, Kym Vieira (named in complaint as Kim Vieira), Bergen

22  Filgas, and George Medina (named in complaint as George Medine) (collectively, "Defendants")

23  in response to a complaint filed by Michele Petersen ("Plaintiff") on June 8, 2012, alleging

24  various causes of actions related to employment discrimination.

25                       LEGAL STANDARD

26        A claim may be dismissed under Fed. R. Civ. P. 12(b)(6) if the claim states no cognizable

27  legal theory or alleges insufficient facts to support a valid allegation. *Balistreri v. Pacifica Police*

1  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2         For purposes of the 12(b)(6) motion, all well-pleaded allegations are accepted as true and

3  are construed in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire &*

4  *Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008).  A well-pleaded allegation contains

5  sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S.

6  544, 570 (U.S. 2007).  To be plausible, alleged facts must be more than "merely consistent with a

7  defendant's liability;" the "sheer possibility" of unlawful behavior is insufficient. *Ashcroft v.*

8  *Iqbal*, 556 U.S. 662, 678 (2009).  Allegations that are merely conclusory, unwarranted deductions

9  of fact, or unreasonable inferences do not meet the plausibility standard and need not be accepted

10  as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

11

12                                    **FACTS**

13         Plaintiff is a woman over 40 years of age, Court's Docket, Doc. 1 ¶ 10, who was

14  employed by Stanislaus County as a Social Worker IV. *Id.*, Doc. 1 ¶ 24.  Plaintiff alleges that she

15  was fully qualified to perform the duties of her position and was rated good or excellent in her

16  job performance. *Id.*, Doc. 1 ¶ 25.  Plaintiff alleges discrimination between April 2010 and May

17  31, 2011. *Id.*, Doc. 1 ¶ 14.  Plaintiff alleges that Defendants falsely accused her of "Dishonesty,

18  Insubordination, Inexcusable Neglect of Duties, and the Last Chance Agreement." *Id.*, Doc. 1

19  ¶ 19.  These accusations were followed by an investigation, *id.*, and Plaintiff was terminated from

20  her position in May 2011. *Id.*, Doc. 1 ¶ 26.  Plaintiff alleges that she filed a claim against

21  Defendants with the California Department of Fair Employment and Housing ("DFEH") for

22  numerous federal and state constitutional and statutory violations; DFEH subsequently sent

23  Plaintiff a right to sue letter. *Id.*, Doc. 1 ¶ 11. Plaintiff alleges this same list of violations under

24  each cause of action in her complaint.

25         Plaintiff pleads nine causes of action: employment discrimination and retaliation, both

26  against the County; and, against all defendants, harassment; civil rights violations under

27

28                                     2

42 U.S.C. §§ 1981, 1983 and 1988; intentional infliction of emotional distress; breach of

contract; breach of implied covenant of good faith and fair dealing; negligent supervision; and

defamation.

## DISCUSSION

### A.  Employment Discrimination (Title VII, ADA, and FEHA)

A plaintiff may make a prima facie case of discrimination under Title VII by showing that

(1) she was a member of a protected class; (2) she was qualified for her position; (3) she suffered

an adverse employment action; and (4) similarly situated individuals outside plaintiff's class

were treated more favorably, or other circumstances surrounding the adverse employment action

give rise to an inference of discrimination. *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d

840, 847 (9th Cir. 2004).  A prima facie case for discrimination under the ADA is identical to

one under Title VII, except that a plaintiff must show that she is disabled under the meaning of

the ADA for the first element. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093

(9th Cir. 2001).  The elements of a prima facie case for discrimination under FEHA are likewise

closely related to the Title VII prima facie requirements.  *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089,

1113 (Cal. 2000).  To make a prima facie case of discrimination under FEHA, a plaintiff must

show that (1) she was a member of a protected class; (2) she was performing competently in the

position she held; (3) she suffered an adverse employment action; and (4) some other

circumstance suggests discriminatory motive. *Id.*

Plaintiff has pled that she is a woman over 40 years of age. Gender is a protected class

under both Title VII and FEHA. *See* 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful

employment practice for an employer ... to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's ...

sex ... ."); Cal. Gov't Code § 12940(a) ("It is an unlawful employment practice ... [f]or an

employer, because of the ... gender ... of any person ... to discriminate against the person in

3

1  compensation or in terms, conditions, or privileges of employment.").  Plaintiff also alludes in

2  the complaint to mental and physical disabilities.  Individuals with mental or physical disabilities

3  are protected under FEHA. *Id*. ("It is an unlawful employment practice ... [f]or an employer,

4  because of the ... physical disability, mental disability, [or] medical condition ... of any person ...

5  to discriminate against the person ... .") Plaintiff, however, fails to give any description of the

6  nature of her disabilities or any factual allegation specific enough to give defendants notice as to

7  the behavior that may have constituted discrimination on account of Plaintiff's disabilities.  The

8  court will therefore continue its analysis only for a gender discrimination claim under Title VII

9  and FEHA.

10         As to the second and third elements of a prima facie gender discrimination case, Plaintiff

11  alleges that she was competently performing her job, and she also alleges that she was subjected

12  to unfair accusations and an unwarranted investigation that led to her termination.

13         Plaintiff, however, makes no factual allegations related to the fourth element of a prima

14  facie case under Title VII or FEHA, an element crucial to both causes of action.  Although at the

15  pleading stage, a complaint need not establish all the elements of a prima facie case,

16  *Swierkiewicz v. Sorema*, 534 U.S. 506, 508 (2002); *see Twombly*, 550 U.S. at 569-70 (discussing

17  *Swierkievicz*), the complaint must still allege sufficient facts to make the claim of discrimination

18  plausible on its face. *Twombly*, 550 U.S. at 570.  A complaint that fails to allege a connection

19  between an employer's adverse actions and the plaintiff's membership in a protected class may

20  be dismissed. *Wood v. City of San Diego*, 678 F.3d 1075, 1081-82 (9th Cir. 2012) (affirming

21  district court's dismissal of FEHA discrimination claim for failing to sufficiently allege a

22  discriminatory motive); *Ahmed v. San Joaquin Reg'l Rail Comm'n*, 2012 U.S. Dist. LEXIS

23  89226 (E.D. Cal. June 26, 2012) (dismissing an amended Title VII claim that failed to allege a

24  connection between any alleged discrimination and the plaintiff's membership in a protected

25  class, or that the plaintiff was treated differently than similarly situated individuals outside the

26  protected class).  Plaintiff offers only the conclusory statements that Defendants "discriminated

27

28                                            4

against her" and that she was harmed as a "result of defendants' discriminatory actions against plaintiff." Such bald assertions offer no hint of a fact that would suggest that the investigation of Plaintiff or Plaintiff's termination were related to a bias against women held by the County.

**B. Retaliation (Title VII, ADA, and FEHA)**

Under Title VII, it is unlawful for "an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful practice by this title ... or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e-3(a). A plaintiff may make a prima facie case of retaliation pursuant to Title VII by showing that (1) she was involved in protected activity opposing an unlawful employment practice; (2) thereafter, the defendant took some employment action adverse to the plaintiff; and (3) there was a causal connection between protected activity and the adverse action. *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006). Under FEHA, it is unlawful in California "[f]or any employer ... to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceedings under this part." Cal. Gov't Code § 12940(h). A prima facie case of retaliation under FEHA is the same as that for Title VII. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 919 (9th Cir. 1996) (applying elements of Title VII retaliation claim above to a FEHA claim). A prima facie case of retaliation pursuant to the ADA also follows this same framework. *Brown v. City of Tucson*, 336 F.3d 1181, 1186-87 (9th Cir. 2003).

Plaintiff alleges in her complaint that she took part in a protected activity by "reporting and protesting working conditions to County; reporting and protesting discrimination based on her mental and physical condition under ADA; objecting to the enforcement of nonexisting policies, rules and regulations; [and] objecting to the creation of false and misleading reports of plaintiff's job performance." Court's Docket, Doc. 1 ¶ 34. Plaintiff describes County's adverse

5

1  action toward her as "discrimination in her compensation, terms, conditions, privileges of her

2  employment and equal employment opportunities ... ." *Id*.  These allegations are very similar to

3  those rejected by the Supreme Court in *Iqbal* as "nothing more than a formulaic recitation of the

4  elements." 556 U.S. at 681 (internal quotation marks omitted).  Bald allegations such as

5  Plaintiff's need not be accepted by the court as true. *Id*.

6       As discussed above, a plaintiff need not allege all the elements of a prima facie case at the

7  pleading stage, but a complaint that fails to allege a causal connection between the protected

8  activity and adverse action is subject to dismissal. *Adams v. Vivo, Inc.*, 2012 U.S. Dist. LEXIS

9  109199 at * 17 (N.D. Cal. Aug. 3, 2012) (Title VII); *McKenna v. Permanente Med. Group, Inc.*,

10 2012 U.S. Dist. LEXIS 113821 at *46 (E.D. Cal. Aug. 13, 2012) (FEHA); *Ray v. Henderson*, 217

11 F.3d 1234, 1240 (9th Cir. 2000) (ADA).  Plaintiff fails entirely to allege a causal connection

12 between Plaintiff's protected reports and protestations and the adverse actions taken against her,

13 beyond the conclusory statement that the alleged adverse actions were "discriminatory." Court's

14 Docket, Doc. 1 ¶ 34.  The County's motion to dismiss will therefore be granted, without

15 prejudice, as to the retaliation claims made under Title VII, FEHA, and the ADA.

16

17 **C.  Harassment (Title VII and FEHA)**

18       Under FEHA, it is unlawful for an employer to harass an employee. Cal. Gov't Code

19 § 12940(j)(1).  "[I]solated, sporadic, or trivial" incidents will not constitute harassment for

20 purposes of FEHA; rather, there must be "a concerted pattern of harassment of a repeated,

21 routine or a generalized nature." *Fisher v. San Pedro Peninsula Hosp*., 214 Cal. App. 3d 590,

22 610 (2d Dist. 1989).  Plaintiff alleges that Defendants' conduct constituted harassment "in that it

23 created a hostile work environment when plaintiff was subjected to differential treatment and was

24 harassed; discriminated against; subjected to disparate treatment; defamed; retaliated against and

25 suffered severe mental and emotional distress."  This string of legal conclusions is wholly

26 insufficient to allege a concerted pattern of behavior constituting harassment under FEHA.

27

28                                                        6

Under Title VII, harassment is alleged through a hostile work environment claim.  Such a claim "involves a workplace atmosphere so discriminatory and abusive that it unreasonably interferes with the job performance of those harassed." *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000).  The elements of hostile work environment claim are (1) the plaintiff was subjected to verbal or physical conduct because of her membership in a protected class; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2002).  To state a claim for hostile work environment, a plaintiff "must allege sufficient facts to state the elements of a hostile work environment claim." *Johnson v. Riverside Healthcare System*, 534 F.3d 1116, 1122 (9th Cir. 2008).  As discussed above, Plaintiff's conclusory statements are insufficient to allege pervasive or severe harassment. Defendants' motion to dismiss will be granted, without prejudice, as to the harassment cause of action.

**D.  Deprivation of Civil Rights (42 U.S.C. §§ 1981 and 1983)**

*Against the County*

Section 1983 subjects to liability any person who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," deprives another "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  A plaintiff making a § 1983 claim against a local government must sufficiently allege that the government is properly subject to liability under the section.  This may be done (1) by alleging an explicit municipal policy ratifying the unconstitutional behavior; (2) by alleging a settled and widespread practice that constitutes an implicit policy or custom underlying the unconstitutional conduct; or (3) by attributing the wrongful conduct to the decision of a municipal policymaker with final authority in the area of the conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978).

Plaintiff alleges that Defendants "deprived plaintiff of her civil rights and her constitutional rights under color of state law" and that "[b]y reason of defendants' discrimination and harassment of plaintiff, plaintiff was deprived of rights, privileges and immunities secured to her, as alleged by the First and Fourteenth Amendment of the United States Constitution and the laws enacted thereunder in that defendants' discrimination and harassment deprived plaintiff of liberty and property without due process of law." This opaque and conclusory statement fails to offer any fact to suggest a policy or custom supporting unconstitutional behavior. Neither does Plaintiff's statement offer any fact that would support or clarify her allegation of unconstitutional behavior by the County.

The *Monell* standard for local governmental liability in § 1983 cases also applies to claims brought under § 1981. *Federation of African Am. Contrs. v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir. Cal. 1996). Plaintiff's claims against the county made pursuant to § 1981 must therefore meet the requirements of pleading local governmental liability as discussed above. Because Plaintiff has failed to adequately allege the County's liability under §§ 1983 and 1981, the County's motion to dismiss will be granted, without prejudice, as to the civil rights cause of action against it.

*Against individual named defendants*

In their motion to dismiss, Defendants argue that Applegate, Vieira, Filgas, and Medina are entitled to qualified immunity because each holds a supervisory position as alleged in the complaint. Such governmental officials are entitled to dismissal on the basis of qualified immunity if, after viewing the facts in the light most favorable to the plaintiff, the facts as alleged do not support a claim that they violated clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 528 n.9 (1985). Plaintiff's allegations under this cause of action contain no facts to indicate what behavior is alleged to have violated her rights. Plaintiff's allegations are entirely conclusory, and they fail to support a claim that any of the named defendants violated any clearly established law. The court will therefore grant the motion to dismiss, without prejudice, as to the

civil rights cause of action against Applegate, Vieira, Filgas, and Medina.

**E.  Intentional Infliction of Emotional Distress**

Under California law, the elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intent of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Christensen v. Superior Court*, 820 P.2d 181 (Cal. 1991).  Plaintiff alleges that Defendants engaged in outrageous conduct "[i]n failing to protect plaintiff from the continuing discrimination, harassment, differential treatment and other conduct described herein and terminating plaintiff in retaliation for reporting harassment, discrimination and differential conduct."  Plaintiff further alleges that Defendants "acted with intent to cause, or with reckless disregard for the probability of causing plaintiff to suffer severe emotional distress" and that "plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress." Court's Docket, Doc. 1 ¶¶ 43-45.  These allegations are a mere parroting of the legal elements of intentional infliction of emotional distress, without any factual allegations to support the bare conclusions. Defendants' motion to dismiss will therefore be granted, without prejudice, as to the intentional infliction of emotional distress cause of action.

**F.  Breach of Contract**

Plaintiff's sixth cause of action (listed in the caption as the fifth cause of action) is for breach of contract as to all defendants.  To state a cause of action for breach of contract, Plaintiff must plead the contract, her performance of the contract or excuse for non-performance, Defendants' breach, and the resulting damage.  *Lortz v. Connell* (1969) 273 Cal.App.2d 286, 290.  In her complaint, Plaintiff does not allege the existence of a contract between herself and

1  Defendants Applegate, Viera, Filgas, and Medina, and therefore a cause of action for breach of

2  contract cannot stand as to these Defendants.  As to Defendant County, Plaintiff asserts that she

3  is a member of a "labor organization" and that this organization entered into a "Memorandum of

4  Understanding" (MOU) with County.  This alleges not a contract between Plaintiff and County,

5  but between the labor organization and County, the former of whom is not a party to this suit.

6  More importantly, Plaintiff's description of the MOU lacks the specificity necessary to define a

7  contract.  Her complaint must indicate on its face whether the contract is written, oral or implied

8  by conduct (Code Civ. Proc. , 430.10, subd. (g).), which it does not.  If the action is based on an

9  alleged breach of a written contract, the terms must be set out verbatim in the complaint or a

10  copy of the written instrument must be attached and incorporated by reference.  *Wise v. Southern*

11  *Pacific Co.* (1963) 223 Cal.App.2d 50, 59.  Plaintiff's complaint lacks this information.  Instead,

12  it makes vague reference to "covenants," "conditions" and "rights," none of which is offered with

13  the specificity necessary to constitute a contract as described above.

14          Plaintiff is further prevented from exerting a claim of breach of contract because "[it] is

15  well settled in California that public employment is not held by contract but by statute and that,

16  insofar as the duration of such employment is concerned, no employee has a vested contractual

17  right to continue in employment beyond the time or contrary to the terms and conditions fixed by

18  law."  *Miller v. State of California* (1977) 18 Cal.3d 808, 813. The public employee's remedies,

19  then, are limited to those provided by statute or ordinance.  *Hill v. City of Long Beach* (1995) 33

20  Cal.App.4th 1684, 1690.  Since Plaintiff was an employee of County, her employment was held

21  by statute, not by contract, and her remedies for breach, if any, were limited to those afforded by

22  statute and County's rules and policy.  Plaintiff's membership in a  labor organization does not

23  alter her status as a public employee, or alter the fact that "[the] terms and conditions of civil

24  service employment are fixed by statute and not by contract." (Government Code Section 18500,

25  et seq.)  The MOU also does not alter her status as a public employee, or vest any contractual

26  rights in that employment so as to support a cause of action for breach of contract.  County and

27

28                                                    10

the other Defendants cannot be held liable for a breach of contract, or any other cause of action thereunder, because, as stated above,  no such contract existed.  Defendants' motion to dismiss will therefore be granted, without prejudice, as to the breach of contract cause of action.

**G.  Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's seventh cause of action (listed in the caption as the sixth cause of action) is for breach of the implied covenant of good faith and fair dealing as to all Defendants.  As a threshold matter, this claim must be predicated upon the existence of an underlying contract.  "An allegation of breach of the implied covenant of good faith and fair dealing is an allegation of breach of an 'ex contractu' obligation, namely one arising out of the contract itself.  The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." *Foley v. Interactive Data Corporation* (1988) 47 Cal.3d 654, 690.  Here Plaintiff must assert in her complaint the existence of such an underlying contract in order for this cause of action to stand.  "Since the good faith covenant is an implied term of a contract, the existence of a contractual relationship is thus a prerequisite for any action for breach of the covenant." *Kim v. Regents of the University of California* (2000) Cal.App.4th 160, 164 (citing *Smith v. City and County of San Francisco* (1990) Cal.App.3d 38, 49).

As discussed in Section F above, Plaintiff has failed to make a showing that such a contract existed between herself and Defendants as a matter of law.  In support of this claim, Plaintiff does allege that she and Defendant County "entered into an oral implied in fact employment agreement upon her hire and during the term of Plaintiff's employment." (Complaint, p. 17:5-6) However, even if satisfactorily established, such a contractual relationship would not help Plaintiff because, once again, her employment as a public employee is not held by contract but by statute.  This bars any actions for either breach of contract or breach of the implied covenant of good faith and fair dealing.  "A California public employee, whether civil

service or not, cannot state a cause of action for breach of contract or breach of the implied covenant of good faith and fair dealing arising out of the public employment relationship." *Lachtman v. Regents of the University of California* (2007) 158 Cal.App.4th 187, 207 (citing *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1690).  Defendants' motion to dismiss will therefore be granted, without prejudice, as to breach of implied covenant of good faith and fair dealing.

**H.  Negligent Supervision**

Plaintiff's eighth cause of action is for negligent supervision as to all Defendants.  As stated in the complaint, the Individual Defendants were supervisory to Plaintiff.  (Complaint, p. 4:20-21) Although the complaint does not draw a clear distinction, three theories of liability under this cause of action can be inferred: 1) *direct liability* of County for negligent supervision of the Individual Defendants and other employees in Plaintiff's workplace (presumably Does 1-25); 2) *vicarious liability* of County for the Individual Defendants' negligent supervision of other Individual Defendants and other employees; and 3) *direct liability* of the Individual Defendants for negligent supervision of the other Individual Defendants and other employees.  These theories will be addressed in turn.

1)  Regarding the direct liability of County for negligent supervision of the Individual Defendants and other employees, Defendants correctly assert that public entities are immune from direct liability.  In California all governmental tort liability is dependant upon the existence of an authorizing statute or enactment.  (Gov. Code §815, subd. (a), §815.6; *Tolan v. State of California* (1979) 100 Cal.App.3d 980, 983; *Morris v. State of California* (1979) 89 Cal.App.3d 962, 964; *Searcy v. Hemet Unified School Dist.* (1986) 177 Cal.App.3d 792, 798.  Government Code section 815, subdivision (a) provides: "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  In a wrongful death action against the

12

County of San Diego, in which plaintiffs alleged negligent supervision, the Court of Appeals,

Fourth District, held that, "We find no relevant case law approving a claim for direct liability

based on a public entity's allegedly negligent hiring and supervision practices." *De Villers v.*

*County of San Diego* (2007) 156 Cal.App.4th 238, 252.  The court further held that, "there is no

statutory basis for declaring a governmental entity liable for negligence in its hiring and

supervision practices. . ." *Id.* At p. 253.

Here, Plaintiff does not invoke any statute or enactment that would impose direct liability

upon County for the negligent supervision of the Individual Defendants and other employees.

Instead, her complaint presents a laundry list of rights that County allegedly violated in its

employment relationship with Plaintiff, and further presents a laundry list of statutes, codes and

constitutional provisions that allegedly bear upon those violations.  (Complaint, p. 18: 24-26; 19:

1-8) This, however, does not state a cause of action for negligent supervision as dictated by both

Government Code section 815, subdivision (a) and California case law.  As *de Villers* makes

clear, a specific statute authorizing direct liability of a public entity is required: "In other words,

direct tort liability of public entities must be based on a specific statute declaring them to be

liable, or at least creating some specific duty of care, and not on the general tort provisions of

Civil Code section 1714." *Id.* At p. 255.  Plaintiff's complaint does not invoke such a statute,

and therefore County cannot be held directly liable for the negligent supervision of the Individual

Defendants and other employees.

2) Regarding the vicarious liability of County for the Individual Defendants' negligent

supervision of other Individual Defendants and other employees, Plaintiff is on firmer ground.

According to the Supreme Court of California, the statutory authority she seeks in order to hold

County liable can be found in Govt. Code §815.2(a).  *Hoff v. Vacaville Unified School Dist.*

(1998) 19 Ca.4th 925, 932.  The statute provides: "A public entity is liable for injury proximately

caused by an act or omission of an employee of the public entity within the scope of his

employment if the act or omission would, apart from this section, have given rise to a cause of

action against that employee or his personal representative."  The court in *Hoff* expounds:

"Through this section, the California Tort Claims Act expressly makes the doctrine of respondeat superior applicable to public employers.  (*Mary M. V. City of Los Angeles* (1991) 54 Cal.3d 202 [285 Cal.Rptr. 99, 814 P.2d 1341].)  'A public entity, as employer, is generally liable for the torts of an employee committed within the scope of employment if the employee is liable. [Citations.]' (*Thomas v. City of Richmond* (1995) 9 Cal.4th 1154, 1157 [40 Cal.Rptr.2d 442, 892 P.2d 1185].) Under section 820, subdivision (a), '[e]xcept as otherwise provided by statute . . ., a public employee is liable for unjury caused by his act or omission to the same extent as a private person.'  Thus, 'the general rule is that an employee of a public entity is liable for his torts to the same extent as a private person (§ 820, subd. (a)) and the public entity is vicariously liable for any injury which its employee causes (§ 815.2, subd. (a)) to the same extent as a private employer (§ 815, subd. (b)).'  (*Societa per Azioni de Navigazione Italia v. City of Los Angeles* (1982) 31 Cal.3d 446, 463 [183 Cal.Rptr. 51, 645 P.2d 102], fn. Omitted.) [¶] Through these statutes, 'the Legislature incorporated "general standards of tort liability as the primary basis for respondeat superior liability of public entities . . ." [Citation.]' (*Mary M. V. City of Los Angeles, supra,* 54 Cal.3d at pp. 209-210.)" *Hoff, supra,* 19 Cal.4th at 932-33.

Thus Plaintiff may rely upon common law theories of negligence to support her claim. Government Code § 815.2(a) provides the statutory basis upon which County, as a public entity, may be held vicariously liable for any negligence of its employees, including the negligent supervision of Individual Defendants over other Individual Defendants and other employees.  In order to state a claim on this basis, Plaintiff must allege that the Individual Defendants knew, or in the exercise of reasonable care should have known, that other Individual Defendants and other employees were unfit and posed a risk to Plaintiff of the sort of harm that occurred.  Liability for negligent hiring/supervision occurs when the employer know or should have known that hiring or retaining the employee created a particular risk or hazard and that particular harm materializes. See *Doe v. Capital Records* (1969) 50 Cal.App.4th 1038, 1054.  Similarly, "there can be no

liability for negligent supervision in the absence of knowledge by the principal that the agent or servant was a person who could not be trusted to act properly without being supervised." *Juarez v. Boy Scouts of America* (2000) 81 Cal.App.4th 377, 395 (quoting *Noble v. Sears, Roebuck & Co.* (1973) 33 Cal.App.3d 654, 664).

Here, Plaintiff has failed to allege the specific elements of this claim as set forth above, namely, that Individual Defendants knew other Individual Defendants or other employees were unfit, or failed to use reasonable care to discover such unfitness.  The complaint does not identify the specific principals and agents involved, and does not identify the specific circumstances in which knowledge of unfitness presented itself.  Furthermore, the complaint fails to make a connection between Plaintiff's list of generalized harms ("anxiety, tension, depression, humiliation," etc.), the specific Defendants who caused them, and the specific supervisory Defendants who knew that these Defendants were causing the harms or had the propensity to cause them.  Because of that, Plaintiff fails to state a claim for the vicarious liability of County for the Individual Defendants' negligent supervision of other Individual Defendants and other employees.

3) Regarding the direct liability of the Individual Defendants for negligent supervision of the other Individual Defendants and other employees, Plaintiff must establish the same threshold elements for a claim as set forth in 2) above: Individual Defendants knew that other Individual Defendants or other employees were unfit, or failed to use reasonable care to discover such unfitness.  Because the complaint does not meet that threshold, Plaintiff also fails to state a claim under this theory.

In summation: because Plaintiff has failed to state a claim under all three theories, Defendants' motion to dismiss will be therefore granted, without prejudice, as to negligent supervision.

**I. Defamation**

15

1    The Plaintiff's ninth cause of action is for defamation as to all Defendants.  In particular,

2    Plaintiff alleges slander in the form of "untrue statements [made] to other persons in plaintiff's

3    profession, that plaintiff was dishonest, insubordinate, and had engaged in inexcusable neglect of

4    her duties."  (Complaint, p. 21:10-11) There can be no recovery for defamation without a

5    falsehood.  *Seelig v. Infinity Broadcasting Corporation* (2002) 97 Cal.App.4th 798, 809 (citing

6    *Baker v. Los Angeles Herald Examiner* (1986) 42 Cal.3d 254, 259).  Thus, to state a defamation

7    claim that survives First Amendment challenge, Plaintiff must allege a statement of fact that is

8    provably false.  See *Milkovich v. Lorain Journal Co.* (1990) 497 U.S. 1, 20.  "Statements do not

9    imply a provably false factual assertion and thus cannot form the basis of a defamation action if

10   they cannot 'reasonably [be] interpreted as stating actual facts' about an individual." *Ibid* (citing

11   *Hustler Magazine v. Falwell* (1988) 485 U.S. 46, 50).  Thus, "rhetorical hyperbole," "vigorous

12   epithet[s]," "lusty and imaginative expression[s] of ... contempt," and language used "in a loose,

13   figurative sense" have all been accorded constitutional protection.  *Greenbelt Pub. Assn. v.

14   Bresler* (1970) 398 U.S. 6, 14.  Here, the alleged statements regarding Plaintiff's dishonesty,

15   insubordination, and neglect of duty are too vague and unspecific to provide the  factual

16   foundation for a defamation claim.  In particular, the complaint fails to state actual alleged facts

17   about the Plaintiff as required by *Milkovich*.  A complaint for defamation is defective if it "does

18   not allege either the specific words or the substance of [the] statements ... but instead merely

19   alleges the conclusions of the pleader that statements were made which 'intimated and suggested'

20   that plaintiff had done certain wrongful things." *Lipman v. Brisbane Elementary Sch. Dist.*

21   (1961) 55 Cal.2d 224, 235 (overruled other grounds in *Brown v. Kelly Broadcasting Co.* (1989)

22   48 Cal.3d 711, 753).  Because Plaintiff's complaint does not provide the specific words or the

23   substance of the alleged statements, Defendants' motion to dismiss will be granted, without

24   prejudice, as to defamation.

25

26   **J.  Leave to Amend**

27

28                                        16

1    Rule 8 of the Federal Rules of Civil Procedure directs plaintiffs to make a "short and
2    plain statement of the claim."  Plaintiff's lengthy complaint, however, continually avoids any
3    straightforward statement of facts.  A complaint that frustrates the court and confuses defendants
4    will rarely advance a plaintiff's cause.  Any amended complaint need not contain laundry lists of
5    statutory rights or long-winded conclusory language.  Simple and honest factual allegations are
6    the heart of a successful complaint, and such a complaint will best allow all parties and the court
7    to resolve the case efficiently and fairly.

8

9                              **CONCLUSION AND ORDER**

10    For the foregoing reasons, the court GRANTS Defendants' motion to dismiss the
11   complaint as against them.  Plaintiff is granted leave to file an amended complaint, within 30
12   days of entry of this order.

13

14   IT IS SO ORDERED.

15
     Dated:   October 12, 2012
16                                              CHIEF UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28                                        17