IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHELE PETERSEN, | ) | 1:12-cv-00933-AWI-BAM |
| | ) | |
| Plaintiff, | ) | ORDER EXTENDING TIME TO |
| | ) | FILE AMENDED COMPLAINT |
| v. | ) | |
| | ) | (RE: RESPONSE TO O.S.C. RE: |
| COUNTY OF STANISLAUS; CHRISTINE | ) | DISMISSAL OF ACTION) |
| APPLEGATE; KIM VIEIRA; BERGEN | ) | |
| FILGAS; GEORGE MEDINE; DOE 1; | ) | (Docs. 22, 23) |
| DOE 2; DOE 3; DOE 4; DOES 5 | ) | |
| through 25, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I. INTRODUCTION**

On November 20, 2012, the Court issued an order to show cause why this case should not be dismissed for plaintiff Michele Petersen's ("Plaintiff's") failure to file an amended complaint in accordance with the Court's October 12, 2012 order dismissing her original complaint with leave to amend.  On December 17, 2012, Plaintiff filed her response to the Court's November 20, 2012 order to show cause re: dismissal of the action.  For reasons discussed below, the Court shall grant Plaintiff an extension of the time to file an amended complaint to Thursday, February 28, 2013.

## II. FACTS AND PROCEDURAL BACKGROUND

The Court refers the parties to previous orders for a complete chronology of the proceedings.  On May 3, 2012, Plaintiff filed her complaint in Stanislaus County Superior Court against defendants County of Stanislaus, Christine Applegate, Kym Vieira (erroneously sued as Kim Vieira), Bergen Filgas, George Medine (collectively "Defendants"), Doe 1, Doe 2, Doe 3, Doe 4 and Does 5 through 25, asserting nine causes of action for employment discrimination, retaliation, harassment, deprivation of civil rights, intentional infliction of emotional distress, breach of contract, breach of the implied covenant of good faith and fair dealing, negligent supervision and defamation.  On June 8, 2012, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b).

On June 15, 2012, Defendants filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e).  Plaintiff did not file a written opposition to Defendants' motion to dismiss.  Instead, on July 6, 2012, Plaintiff filed a motion with the Magistrate Judge to remand the action to state court.  On October 12, 2012, the Court granted the motion to dismiss the complaint in its entirety and directed Plaintiff to file an amended complaint within thirty days of entry of the order.  No amended complaint was filed by Plaintiff in the time allotted.  Based on the Court's October 12, 2012 order, the Magistrate Judge denied the motion to remand as moot.

On November 20, 2012, the Court issued an order directing Plaintiff to show cause in writing by 4:00 p.m. on Friday, December 21, 2012, why no amended complaint had been filed and why the action should not be dismissed for failure to comply with the Court's October 12, 2012 order.  The Court cautioned that a failure to show cause or otherwise respond to the November 20, 2012 order would result in a dismissal of the action with prejudice as against as against all defendants.  On December 17, 2012, Plaintiff filed her response to the Court's November 20, 2012 order.

2

**III. DISCUSSION**

In her December 17, 2012 response to the Court's November 20, 2012 order to show cause re: dismissal of the action, Plaintiff explains she did not (1) file a written opposition to Defendants' June 15, 2012 motion to dismiss the original complaint or (2) amend the pleadings in accordance with the Court's October 12, 2012 order dismissing the complaint with leave to amend because she believed to do so would constitute a waiver of her right to seek a remand of the action.  Plaintiff's concerns are unfounded, to say the least.  "[T]he filing of a pleading in federal court does not [by itself] constitute a waiver of the right to seek . . . remand by the party having filed the pleading."  *In re Drauschak,* 481 B.R. 330, 349 (E.D.Pa. 2012).  Instead, "[f]ederal courts consider a number of factors in determining whether a party has waived its right to seek to seek remand."  *Koehnen v. Herald Fire Ins. Co.,* 89 F.3d 525, 528 (8th Cir.1996).  These include: "1) The nature and gravity of the defect in removal; [¶] 2) Principles of comity and judicial economy; [¶] 3) Relative prejudice to the parties, including deference to the plaintiff's choice of forum; [¶] [and] 4) Actions taken by the party seeking remand that imply it has affirmatively sought the federal court's intervention."  *Midwestern Distribution, Inc. v. Paris Motor Freight,* 563 F.Supp. 489, 493 (D.C.Ark. 1983).  Although no one factor is dispositive, only if a party "engages in affirmative activity in federal court [will it] typically waive[ ] the right to seek a remand[.]"  *Koehnen, supra,* 89 F.3d at 528 (citing *Financial Timing Pubs., Inc. v. Compugraphic Corp.,* 893 F.2d 936, 940 (8th Cir. 1990)).[1]

Seeking leave of court to file an amended complaint through the filing of a formal motion for leave to file an amended pleading is, for instance, an affirmative action through which a plaintiff consents to the jurisdiction of the district court.  *Koehnen, supra,* 89 F.3d at 528.  Similarly, a

---

[1] Importantly, a plaintiff may only be deemed to have waived *procedural* challenges to the removal process.  *Lozada v. Regal Ware, Inc.,* 564 F.Supp.2d 715, 717 (W.D.Tex. 2008).  "[O]bjections [to removal] that are based on a court's lack of subject-matter jurisdiction may [never] be forfeited or waived by any party."  *Busby v. Capital One, N.A.,* 841 F.Supp.2d 49, 54 (D.D.C. 2012) (citing *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)).

plaintiff who "participate[s] without objection in a pretrial conference, engage[s] in discovery pursuant to the Federal Rules of Civil Procedure for over a year, subject[s] itself to the authority of a federal magistrate, and invoke[s] the authority of the district court by appealing a magistrate's order" will have waived the right to contest any procedural defects in the removal process. *Financial Timing Pubs., Inc., supra,* 893 F.2d at 940.  By contrast, a plaintiff does *not* waive its right to seek a remand simply by filing a substantive opposition to a removing defendant's Rule 12 motion to dismiss the complaint.  *See Graphic Communications Local 1B Health & Welfare Fund "A" v. CVS Caremark Corporation,* slip copy, 2011 WL 5826687 (D.Minn. 2011) (*Graphic Communications*), at *9 ("[D]efending against a motion to dismiss [does not] equate[ ] to plaintiffs acquiescing to the jurisdiction of this Court and waiving their right to remand, especially when defendants, and not plaintiffs, were the parties seeking the affirmative relief"); *Peace v. Estate of Sorensen,* 2008 WL 2676367 (C.D.Cal. 2008) (unpublished), at *4 ("A plaintiff's opposition to her adversary's efforts to seek relief from the court can hardly be deemed to be acquiescence to the court's jurisdiction"). Accordingly, Plaintiff would not have waived her right to seek a remand by filing a written opposition to Defendants' June 15, 2012 Rule 12 motion to dismiss, as Plaintiff asserts.  A plaintiff also does not waive its right to seek a remand by filing an amended complaint where such filing is undertaken as a matter of right pursuant to a court order dismissing a previously operative complaint with leave to amend.  *See Graphic Communications, supra,* 2011 WL 5826687 at *1, *9 (plaintiffs filed second amended complaint in response to court order dismissing first amended complaint with leave to re-plead; "unlike filing a motion to amend, the filing [of] the Second Amended Complaint did not amount to affirmative conduct designed to trigger the jurisdiction of this Court.  Rather, the amended pleading was an extension of plaintiffs' defense against defendants' affirmative attempts to dismiss the action and was invited by the Court"); *see also Johnson v. USAA Cas. Ins. Co.,* _F.Supp.2d_, 2012 WL 5233901 (M.D.Fla. 2012), at *2 (filing of case management report did not constitute affirmative action sufficient to waive the right to seek remand where report was required to be filed by the trial court's standing order).  Accordingly, Plaintiff would not have waived her

4

1  right to seek a remand by filing an amended complaint in response to the Court's October 12, 2012

2  order dismissing the complaint with leave to amend, as Plaintiff likewise asserts.  Plaintiff's refusal

3  to oppose Defendants' motion to dismiss or amend the complaint was simply unjustified.

4          The Court acknowledges Plaintiff, as the party seeking to remand the case to state court,

5  would have preferred to have had her July 6, 2012 motion to remand resolved by the Court *before*

6  Defendants' June 15, 2012 motion to dismiss the complaint.  Ordinarily, the Court would have been

7  inclined to agree with Plaintiff the motion to remand should have been addressed before the motion

8  to dismiss, if only because a district court must first determine whether it has jurisdiction to hear a

9  case before it may address the case on the merits.  *See Steel Co. v. Citizens for a Better Environment,*

10  523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).  This means a court should first

11  address a motion to remand when a motion to remand and a motion to dismiss are simultaneously

12  pending, as was the case here.  The Court did not follow this order of progression due to a clerical

13  oversight, but hereby places the parties on notice that it shall follow such order in future proceedings.

14

15                                      **V. DISPOSITION**

16

17  Based on the foregoing, Plaintiff shall file an amended complaint by 4:00 p.m. on Thursday,

18  February 28, 2013.  Failure to file an amended complaint in accordance with the foregoing time

19  frame shall result in a dismissal of the action with prejudice as against all defendants.

20

21  IT IS SO ORDERED.

22

23  Dated:    January 12, 2013                        _____

                                                              SENIOR  DISTRICT  JUDGE

24

25

26

27

28                                              5