1

2

3

4

5

6

7        **IN THE UNITED STATES DISTRICT COURT**

8        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   MICHELE PETERSEN,                          CASE NO.  1: 12-cv-00933-AWI-BAM

11              Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                                GRANTING  PLAINTIFF'S  MOTION  TO
12                                              REMAND

13        vs.

14   COUNTY OF STANISLAUS, *et. al*,

15              Defendants.
     _____ /
16

17        Currently before the Court is Michele Petersen's ("Plaintiff") Motion to Remand.  (Doc. 30.)

18   Defendants[1] filed an opposition on March 20, 2013.  (Doc. 34.)  Plaintiff filed her reply on March 20,

19   2013.  (Doc. 35.)  The Court deemed the matter suitable for decision without oral argument pursuant to

20   Local Rule 230(g), and vacated the hearing scheduled for April 3, 2013.  (Doc. 36.)   The Court has

21   considered the parties' submissions and carefully reviewed the entire file.  For the reasons that follow,

22   the Court recommends that Plaintiff's Motion to Remand should be GRANTED.[2]

23

24        [1] The Defendants consist of the County of Stanislaus, Christine Applegate, Kym Vieira, Bergen Filgas and George
     Medina.
25
     
26        [2] Some Circuit Courts of Appeals have held that motions to remand are dispositive and thus deprive a magistrate
     judge of jurisdiction. The reasoning is that motions to remand are equivalent to an order of dismissal because they determine
27   the availability of a federal forum. *Williams v. Beemiller, Inc*., 527 F. 3d 259, 264-266 (2d Cir. 2008); *Vogel v. U.S. Office
     Products Co.*, 258 F.3d 509, 514-17 (6th Cir. 2001) (noting a lack of decisions from other circuits); *First Union Mortgage
28   Corp. v. Smith*, 229 F.3d 992, 994-97 (10th Cir. 2000); In re *U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir.1998); *See also*,
     *Hood Custom Homes v. Illinois National Insurance Co.*, 2009 U.S. Dist. Lexis 46389 (D. Oregon May 26, 2009). The Ninth

                                               1

#### I.   BACKGROUND

Between April of 2010 and continuing until Plaintiff's termination in May of 2011, Plaintiff was employed by the County of Stanislaus as a social worker.  (Pl.'s First Amended Complaint "FAC" ¶ 24, Doc. 26.)  During Plaintiff's employment with Defendants, Plaintiff alleges she suffered from an anxiety disorder and attention deficit disorder. (FAC ¶ 14.)

Plaintiff alleges that Defendants discriminated against her due to her physical and mental disabilities.  (FAC ¶ 19.)  Specifically, Plaintiff alleges she was subjected to heightened job requirements when Defendants knew Plaintiff suffered from mental and physical disabilities that precluded the performance of excessive responsibilities.  (FAC ¶¶ 14-20.)  Plaintiff alleges that when she complained of these circumstances, Defendants conducted a "fabricated investigation" whereby Plaintiff was falsely accused of violations of Stanislaus County Code Section 3.28.00 (Dishonesty, Insubordination and Inexcusable Neglect of Duties).  (FAC ¶ 18.)  Plaintiff also alleges Defendants disclosed to other employees and members of the general public confidential information concerning Plaintiff's medical condition.  (FAC ¶¶ 14-20.)

On May 3, 2012, Plaintiff filed a complaint against Defendants in the Superior Court of California, County of Stanislaus.  (Doc. 1, Ex. A.) Plaintiff's complaint alleges the following causes of action: employment discrimination, retaliation and harassment under California state law; intentional infliction of emotional distress; breach of contract; breach of implied covenant of good faith and fair dealing; negligent supervision; defamation; and civil rights violations under 42 U.S.C. §§ 1981, 1983 and 1988.  *Id.*  On June 8, 2012, Defendants removed Plaintiff's case to this Court pursuant to 28 U.S.C. § 1441(a).  (Doc. 1.)  In support of removal, Defendants represented this Court had original jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. § 1331.  *Id.*

---

Circuit has not taken a position on this issue.  Some district courts–including this district court–have taken the position that a motion to remand is not dispositive and thus may be determined by a magistrate judge. *See Lerma v. URS Fed. Support Servs.,* 2011 U.S. Dist. LEXIS 66451 (E.D. Cal. June 22, 2011)(finding that a motion to remand is not a dispositive motion, making findings and recommendations unnecessary for resolution of the motion)*; Bearden v. PNS Stores, Inc.*, 894 F.Supp. 1418, 1419 n. 1 (D.Nev.1995).  Nonetheless, in the interest of taking a conservative approach and since the present motion involves a determination of the availability of a federal forum, the court will proceed by way of findings and recommendations.

1      On June 5, 2012, Defendants filed a motion to dismiss Plaintiff's claims. (Doc. 7.) On July

2  6, 2012, Plaintiff filed a motion to sever and remand her state law claims to the Stanislaus Superior

3  Court. (Doc. 10.) Defendants' motion to dismiss was unopposed, and Plaintiff's complaint was

4  dismissed with leave to amend. (Doc. 20.) Shortly thereafter, the Court denied Plaintiff's motion to

5  remand as moot. (Doc. 21.)

6      Plaintiff subsequently failed to file an amended complaint, and the Court issued an order to

7  show cause as to why Plaintiff's case should not be dismissed with prejudice for Plaintiff's failure to

8  file an amended complaint. (Doc. 22.) Plaintiff responded that it was her belief the filing of an

9  amended complaint would waive her right to seek remand. (Doc. 23.) On January 14, 2013, the

10  Court issued an order informing Plaintiff that the filing of an amended complaint would not waive

11  her right to seek remand. (Doc. 25.) However, the Court acknowledged that addressing the remand

12  issue prior to a determination on the sufficiency of the pleadings was the more prudent course of

13  action. (Doc. 25.) The Court informed Plaintiff she could file an amended complaint and, if she so

14  chose, renotice her motion to remand, which the Court would determine prior to determining any

15  motion attacking the pleadings. *Id.*

16      On February 15, 2013, Plaintiff filed her FAC. (Doc. 26.) Plaintiff's FAC was substantially

17  similar to her original complaint, however, Plaintiff's FAC abandoned her federal civil rights claims.

18  *Id.* On March 6, 2013, Plaintiff filed a motion to remand this case to the Stanislaus Superior Court.

19  (Doc. 30.) Plaintiff's motion to remand presents two principal arguments: (1) because Plaintiff has

20  abandoned her federal claims, this Court no longer has original jurisdiction over her case; and (2) the

21  Federal Courts Jurisdiction and Venue Clarification Act of 2011 eliminates the federal court's

22  discretion to hear unrelated state law claims in removed actions based on federal question

23  jurisdiction. *Id.*

24                                    **II.    DISCUSSION**

25  **A.    Legal Standard**

26      "A motion to remand is the proper procedure for challenging removal." *Moore–Thomas v.*

27  *Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Under 28 U.S.C. § 1447(c), remand may

28  be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.

1      A defendant may remove any civil action from state court to federal district court if the

2  district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a); *See also, Hunter v.*

3  *Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The threshold requirement for removal

4  under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the

5  original jurisdiction of the district court.")  Generally, district courts have original jurisdiction over

6  civil actions in two instances: (1) where a federal question is presented in an action arising under the

7  Constitution, federal law, or treaty; or (2) where there is complete diversity between the parties.  28

8  U.S.C. §§ 1331, 1332; *See also, Hunter*, 582 F.3d at 1042 ("A defendant may remove an action to

9  federal court based on federal question jurisdiction or diversity jurisdiction." )  In regards to federal

10  question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state

11  court, only those cases in which a well-pleaded complaint establishes either that federal law creates

12  the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a

13  substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*,

14  463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

15      The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."

16  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th

17  Cir.1988);  *Takeda v. Northwestern National Life Insurance Co.*, 765 F.2d 815, 818 (9th Cir.1985)).

18  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the

19  first instance." *Gaus,* 980 F.2d at 656.  There is a strong presumption against removal jurisdiction,

20  which means that the defendant always has the burden of establishing that removal is proper.  *Id.*

21  (citing *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 712 n. 3 (9th Cir.1990);

22  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988));  *Harris v. Bankers Life and*

23  *Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

24  100, 108-09 (1941)).  Any doubt as to the right of removal must be resolved in favor of remand.

25  *Gaus*, 980 F.2d at 566.

26

27

28  /./.

1 **B.      This Court Has Jurisdiction Over Plaintiff's State-Law Claims**

2        Plaintiff contends the Court no longer has subject matter jurisdiction over the action because

3 she dismissed her federal civil rights claims.  Defendants respond that this Court retains jurisdiction

4 over Plaintiff's state law claims because subject matter jurisdiction is determined at the time of

5 removal and at the time Plaintiff's claims were removed, Plaintiff pled a federal cause of action.

6        As Defendants correctly observe, federal jurisdiction depends upon the circumstances that

7 exist at the time of removal.  *See, Sparta Surgical Corp. v. National Ass'n of Secs. Dealers, Inc.*, 159

8 F.3d 1209, 1213 (9th Cir. 1998) ("[J]urisdiction must be analyzed on the basis of the pleadings filed

9 at the time of removal without reference to subsequent amendments").  "Once a federal court

10 acquires removal jurisdiction over a case, it also acquires jurisdiction over pendent state claims.

11 Dismissal of the federal claims does not deprive a federal court of the power to adjudicate the

12 remaining pendent state claims." *Nishimoto v. Federman–Bachrach & Associates*, 903 F.2d 709, 715

13 (9th Cir. 1990) (citations omitted); *See also, Albingia Versicherungs A.G. v. Schenker Int'l, Inc.,* 344

14 F.3d 931, 936 (9th Cir. 2003) (court had discretion to exercise supplemental jurisdiction over state

15 law claims after federal claim dismissed (unless dismissal was for lack of subject matter

16 jurisdiction)), *amended at* 350 F.3d 916.  Indeed, the United States Supreme Court recently

17 confirmed that when a case is removed to federal court on a federal question claim, "[u]pon

18 dismissal of the federal claim, the District Court retain[s] its statutory supplemental jurisdiction over

19 the state-law claims." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640, 129 S.Ct. 1862,

20 1867, 173 L.Ed.2d 843 (2009). Under these circumstances, any "decision declining to exercise that

21 statutory authority was not based on a jurisdictional defect but on [the district court's] discretionary

22 choice not to hear the claims despite its subject-matter jurisdiction over them." *Id.*

23        Plaintiff cites *Baddie v. Berkeley Farms, Inc.,* 64 F.3d 487, 491 (9th Cir. 1995) for the

24 proposition that "[t]his Court no longer has original jurisdiction as alleged by defendants (Dkt # 1; 2:

25 2-9) in that plaintiff's amended complaint asserts no claims arising under federal law . . . ." (Doc. 35,

26 3: 8-14.)  *Baddie*, however, does not support this proposition.  *Baddie* considered whether 28 U.S.C.

27 § 1447(c) authorized a district court to award defendants' attorneys' fees incurred between removal

28 and remand, where both removal and remand were proper.  *Baddie,* 64 F. 3d at 489.  In *Baddie,* after

1    the defendant properly removed an action containing both federal and state law claims, the plaintiff

2    subsequently amended his complaint to omit federal questions and sought remand. *Id.* at 489-90.

3    The district court granted defendants their attorneys' fees, reasoning that the plaintiffs had been

4    "manipulative" by including and later dismissing his federal claims when the defendants invoked

5    their removal rights. *Id.* at 491.  The Ninth Circuit disagreed, stating that although "[t]he district

6    court has discretion to grant or deny remand[,]" the plaintiff's decision to dismiss his federal claims

7    represented a choice between maintenance of the federal claims and a state forum, and this choice

8    was "a legitimate tactical decision." *Id.* at 491.

9         Thus, the Court in *Baddie* recognized that although the plaintiff's claims no longer presented

10   any federal question, the district court nonetheless retained jurisdiction over the plaintiff's claims

11   because removal was proper in the first instance. *Id.* at 489.  *Baddie* did not stray from the universal

12   understanding that a district court's subject matter jurisdiction over removed claims is determined at

13   the time the case is removed, regardless of subsequent developments that would have otherwise

14   deprived a district court of original jurisdiction.

15        At the time of removal, the pleadings alleged federal civil rights claims.  Thus, the Court

16   indisputably had subject matter jurisdiction over the action when it was removed, including

17   supplemental jurisdiction over Plaintiff's state-law claims.  Plaintiff's decision to dismiss her federal

18   claims does not divest this Court of its supplemental authority over her state-law claims.  Pursuant to

19   precedents of the United States Supreme Court and the Ninth Circuit Court of Appeals, the Court

20   retains discretion to hear Plaintiff's remaining state-law claims.

21   **C.    Federal Court's Jurisdiction and Venue Clarification Act of 2011**

22        Plaintiff argues the Federal Court's Jurisdiction and Venue Clarification Act of 2011

23   mandates remand of Plaintiff's state law claims.  (Doc. 31, 2-4; Doc. 35, 5: 12-23.)  On December 7,

24   2011, Congress enacted the Federal Court's Jurisdiction and Venue Clarification Act of 2011.  The

25   law affected several Federal Rules of Civil Procedure, including but not limited to procedures

26   pertaining to removal, remand, venue and transfer.  Pub.L. No. 112–63; 125 Stat. 758 (2011).

27        Plaintiff argues that, prior to this amendment, removal permitted a defendant to remove an

28   entire case to federal court – even where some claims would not otherwise be within the original or

1   supplemental jurisdiction of the district court.  Subsequent to this amendment, Plaintiff argues, once

2   the entire case is removed, the district court is required to remand all state law claims for which it

3   does not have supplemental jurisdiction.  As Plaintiff describes it, "the Federal Court's Jurisdiction

4   and Venue Clarification Act of 2011 **eliminates** the federal courts' discretion to hear unrelated state

5   law claims in removed actions based on federal question jurisdiction."  (Emphasis in original.)

6   (Doc. 35, 5: 12-23.)

7        Plaintiff's heavy reliance on The Federal Court's Jurisdiction and Venue Clarification Act of

8   2011 is misguided.  As stated in Plaintiff's briefing, the court is required only to sever and remand

9   "unrelated" state-law claims.  *See,* 28 U.S.C. § 1441(c)(1) &(2) ("Upon removal of an action . . . the

10  district court shall sever from the action all [claims not within the original or supplemental

11  jurisdiction of the court] . . . ."); *See also,* 28 U.S.C § 1367 ("[I]n any civil action of which the

12  district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over

13  all other claims that are so related to claims in the action within such original jurisdiction that they

14  form part of the same case or controversy under Article III of the United States Constitution.")

15       Claims are not separate and independent, or, "unrelated," where the wrong complained of is

16  derived from the same set of facts or the alleged injury is the result of a series of interrelated

17  transactions.  *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 9, 71 S. Ct. 534 (1951); *See also,*

18  *Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174, 1177 (9th Cir.1969) ("A single wrong cannot be

19  parlayed into separate and independent causes of action by multiplying the legal theories upon which

20  relief is sought or by multiplying defendants against whom a remedy is sought for the same injury.");

21  *Eastus v. Blue Bell Creameries*, L.P., 97 F.3d 100, 104 (5th Cir.1996) ("We have held that a claim is

22  not independent if it involve[s] substantially the same facts."); *Hatcher v. City of Porterville,* 2012

23  WL 439424 (E.D. Cal. 2012) ("claims are not separate and independent if they are derived from the

24  same set of facts or the alleged injury is the result of a series of interrelated transactions.")

25  Essentially, a separate and independent claim is one which does not arise from the same case or

26  controversy as another claim.

27       All of Plaintiff's claims (including the omitted federal civil rights claims) arise out of the

28  same case or controversy; namely, the period beginning in April of 2010 and continuing until

1   Plaintiff's termination in May of 2011, where Defendants allegedly discriminated, harassed and

2   otherwise deprived Plaintiff of her rights due to her physical and mental disabilities.  Since all of

3   Plaintiff's claims (including the omitted federal claims) arise from the same case or controversy, they

4   are not separate and independent.  Thus, the Court retains supplemental jurisdiction over the state

5   law claims.

6   **D.      Discretion to Hear Plaintiff's Remaining Claims**

7          When a case is properly removed on federal question jurisdiction and the federal claims

8   subsequently drop out of the lawsuit, the district court's decision to retain jurisdiction over the

9   supplemental claims is discretionary.  *Carlsbad Tech., Inc.,* 556 U.S. at 640*;  Albingia*

10  *Versicherungs A.G.,* 344 F.3d at 936.  "When deciding whether to exercise supplemental

11  jurisdiction, a district court should consider judicial economy, convenience, fairness, and comity."

12  *Hughes v. Unumprovident Corp.,* No. 07-cv-4088 PJH, 2009 WL 29895 (N.D. Cal., Jan. 5, 2009),

13  *citing, Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988);

14  *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d

15  525 (1997) (discussing the factors a court considers in deciding whether to exercise supplemental

16  jurisdiction).

17         "Ordinarily, if all claims over which a district court has original jurisdiction have been

18  dismissed before trial in a removed action, the remaining state-law claims should be remanded to

19  state court." *Hughes,* 2009 WL 29895 *2; *See also, Acri v. Varian Assoc., Inc*., 114 F.3d 999, 1001

20  (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in

21  which all federal-law claims are eliminated before trial, the balance of factors ... will point toward

22  declining to exercise jurisdiction over the remaining state-law claims.'") (citations omitted).

23   *"*Indeed, when the federal claims have dropped out of the lawsuit in its early stages and only state

24  law claims remain, it may be an abuse of discretion for the federal district court to retain the case."

25  *Wright v. Neptune Society of Central California, Inc.,* No. 07-cv-0117-LJO TAG, 2007 WL 963302

26  (E.D. Cal. Mar. 29, 2007), *citing, Wren v. Sletten Const. Co.*, 654 F.2d 529, 536 (9th Cir.1981).

27         Defendants argue remand does not best accommodate the values of economy, convenience

28  and comity.  Specifically, Defendants argue that this case was removed over nine months ago, and it

8

1 was only after significant resources had been expended that Plaintiff dropped her federal claims.[3]

2       The Court will not exercise its discretion to retain the state law claims at this early stage of

3 the litigation.  Although Plaintiff waited until Defendants filed a motion to dismiss to eliminate her

4 federal claims, that action was early in the case, and there has been no showing that there was

5 anything manipulative about the tactical decision to move for remand with "due speed after

6 removal." *Baddie,* 64 F.3d at 491.  Indeed, Plaintiff first sought to sever and remand these state-law

7 claims within a month of the case being removed.  (Doc. 10.)  Once Plaintiff's claims were

8 dismissed with leave to amend, Plaintiff was free to omit her federal claims, which represented a

9 choice "between federal claims and a state forum." *Id.* at 491.  This is a "straight-forward tactical

10 decision, and there would be little to be gained in judicial economy by forcing plaintiff[] to abandon

11 [her] federal causes of action before filing in state court." *Id.*

12       To date, only a single motion attacking the pleadings has been litigated.  No discovery has

13 been taken and no pretrial schedule has been issued.  Moreover, judges in the Eastern District of

14 California carry the heaviest caseload in the nation.  It would be unwise for the Court to expend its

15 limited resources retaining a case in which original jurisdiction does not exist.  Thus, given the early

16 stage of the litigation, and in the interests of judicial economy, the Court exercises its discretion and

17 remands the action to the state court from which it was removed.

18 **CONCLUSION**

19       For the foregoing reasons, the Court RECOMMENDS that Plaintiff's Motion to Remand

20 should be GRANTED and that this action be REMANDED to the Stanislaus County Superior Court

21 of California for all further proceedings.

22       These findings and recommendations are submitted to the district judge assigned to this

23 action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local

24 Rule 304.  Within fifteen (15) days of service of this recommendation, any party may file written

25 objections to these findings and recommendations with the Court and serve a copy on all parties.

26 Such a document should be captioned "Objections to Magistrate Judge's Findings and

27

28     [3] Plaintiff incorrectly argues the Court lacks discretion to exercise jurisdiction over her state-law claims.

Recommendations."  The district judge will review the magistrate judge's findings and

recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties

are advised that failure to file objections within the specified time may waive the right to appeal the

district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

      IT IS SO ORDERED.

**Dated:**   **April 1, 2013**                 /s/ **Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE